Bernard S. Meyer, J.
This is an application by the Superintendent of the County Hospital for an order authorizing administration of a blood transfusion to Jacob Dilgard, Sr. Testimony adduced by the petitioner shows that Jacob Dilgard, Sr., was voluntarily admitted to the hospital and that a diagnosis of upper gastrointestinal bleeding was made. It was suggested to the patient that he submit to an operation, including blood transfusion to replace lost blood. The patient declined to submit *28 to a blood transfusion, but did indicate a willingness to submit to the operation without a blood transfusion. His son who is a party respondent in this proceeding also refused to give permission for a transfusion, but was willing to authorize the operation without blood transfusion. Petitioner testified that an operation was necessary to tie off the bleeding site, that in order to offer the best chance of recovery a transfusion of blood was necessary, and that there was a very great chance that the patient would have little opportunity to recover without the blood. He further testified that the patient was completely competent and capable of making decisions on his own behalf, that he had explained to the patient the increased risk of having the operation without the transfusion, and that refusal of a transfusion represented the patient’s calculated decision.
The county argues that it is in violation of the Penal Law to take one’s own life and that as a practical matter the patient’s decision not to accept blood is just about the taking of his own life. The court cannot agree with that argument because it is always a question of judgment whether the medical decision is correct. Without in any sense impugning Dr. Erickson’s opinion, the court concludes that it is the individual who is the subject of a medical decision who has the final say and that this must necessarily be so in a system of government which gives the greatest possible protection to the individual in the furtherance of his own desires.
The court knows of no precedent relating to adult patients. There are cases in which it has been held that a court will step in as the guardian of an infant or an incompetent and make the decision for the infant or incompetent. In this case, however, there is no question that the patient has been completely competent at all times while being presented with the decision that he had to make and in the making of the decision that he did. That being so, the court declines to make any order directing that blood be administered. The application is denied.