OPINION OF THE COURT
Robert F. Doran, J.
Although the caption on the front sheet of the order to show cause designates the parties as plaintiff and defendants, the balance of the papers would indicate that the proper designation should be petitioner and respondents and that this matter is in the nature of some kind of special proceeding. The affidavit of petitioner contains no caption, and the affidavit of petitioner’s attorney designates the matter as “In an Application to Establish the Competency of A. B.”
The papers indicate that petitioner seeks a determination pursuant to the equitable powers of this court to determine that she is competent and to allow her to determine her own future medical care. The papers seek an order determining that she is competent to determine her own medical needs; an order to allow her to refuse additional medical care, treatment and nourishment; and an order directing defendants to comply with the stated and *673 written desires of petitioner not to have any further medical care other than pain relief medication. Finally, the papers- seek an order directing defendants to comply with the wishes of petitioner in the event she should become unable to further communicate her desires.
This proceeding was commenced by an order to show cause which allowed service upon defendants through their attorneys. The attorneys have, except for attorney Gold, appeared and accepted personal jurisdiction on behalf of their clients. It was indicated that attorney Gold will also waive any problem of personal jurisdiction.
The affidavit of petitioner, who is 54 years old with a family history of extreme longevity, recounts that, at all times prior to April 11, 1982, she was a healthy and an active woman. She has a loving husband, with whom she has raised five children. Three of the children are married, one is in college, and the youngest is 14 years of age and resides at home. On April 11, 1982, petitioner slipped and fell, suffering a fracture dislocation of the vertebrae in her neck. As a result, she became totally quadriplegic. She is unable to move her hands and feet or her arms and legs. She is unable to toilet for herself. She is unable to feed herself. She is unable to breathe for herself. She will be, for the rest of her life, confined to a bed or a wheelchair which contains a ventilator pumping air into her lungs through an opening in her trachea. The only time she can talk is between breathing cycles of the ventilator. She characterizes her state as a “living hell.” She states that she has, on numerous occasions, attempted to terminate her life by moving her head to whatever extent possible and thereby dislodging her breathing tubes. However, on those occasions, an alarm has sounded and the nurses have responded to prevent her death. An affidavit attached to the papers by a board-certified psychiatrist concludes that she is rational, sane and competent, even with regard to her intent to refuse medical treatment in the future.
Petitioner is concerned that, in the future, when she goes into the hospital, as she often has to because of infections, she will be in such a state that she will not be able to communicate her true feelings concerning her treatment. It is her desire that she not be given any additional medical *674 treatment but rather that nature be allowed to take its course. She wants to take only whatever nourishment she chooses, even to the extent of taking none at all. She is not asking that the life support equipment be disconnected but simply that she be given no more medical treatment and only such nourishment as she desires. She does wish to take pain medication, if needed. Defendant D. E., her doctor, has advised petitioner that his moral ethics would dictate that, if she were to come into the hospital under his care, he would of necessity be required to provide her with continuing life-saving medical treatment. She respects his feelings and acknowledges the outstanding job he has done to care for her. However, she has formally discharged him because of those feelings.
The court concludes that it cannot grant the relief requested. The court is sympathetic with petitioner’s plight and would honor her request if it arose within the context of an actual and real controversy.
As a general rule, every human being of adult years and sound mind has the right to determine what should be done with his or her body and cannot be subjected to medical treatment without his or her consent (Schloendorff v Society of N. Y. Hosp., 211 NY 125; see Matter of Erickson v Dilgard, 44 Misc 2d 27).
However, judicial power to order compulsory medical treatment over an adult patient’s objection does exist in some situations (see Ann., 9 ALR3d 1391). For example, it may be the duty of the court to assume the responsibility of guardianship for a patient who is non compos mentis to the extent of authorizing treatment necessary to save his or her life, even though the medical treatment authorized may be contrary to the patient’s religious beliefs (Matter of President & Directors of Georgetown Coll., 331 F2d 1000, reh den 331 F2d 1010, cert den sub nom. Jones v President & Directors of Georgetown Coll., 377 US 978; Kennedy Mem. Hosp. v Heston, 58 NJ 576). Also, the State’s interest, as parens patriae, in the welfare of children may justify compulsory medical treatment when necessary to save the life of the mother of young children (Matter of President & Directors of Georgetown Coll., supra) or of a pregnant *675 woman (Raleigh Fitkin-Paul Morgan Mem. Hosp. v Anderson, 42 NJ 421, cert den 377 US 985).
In the present situation, there is a 14-year-old child still living at home. However, it appears from the facts that he would be adequately cared for by his other siblings and his father. In the near future, there may very well be an actual controversy between genuine disputants, at least between petitioner and respondent hospital. But, at the present time, petitioner is not even in the hospital.
It seems to this court that if the relief prayed were granted, we would have a declaratory judgment with coercive effect on a matter that may take place in the future. Courts are not in the business of giving advisory opinions. In addition to having a genuine and ripe controversy between the parties, a declaratory judgment may be used only for a “justiciable” controversy.
Within the meaning of the term “justiciability,” the court does not believe it has the right to determine the matters petitioner seeks within a declaratory judgment action. The court does not believe it has jurisdiction of the subject matter of this petition.
Does that mean that petitioner is without any recourse? Not necessarily. If petitioner should have to be admitted to the hospital and if she is still competent and able to communicate her thoughts, it would seem that she would have the right to refuse medical treatment (see Matter of Erickson v Dilgard, supra; Matter of Melideo, 88 Misc 2d 974). A possible problem might be that a particular court would grant an order compelling medical treatment of petitioner in light of the fact that she has a 14-year-old child.
What if petitioner should become incompetent? She has already executed á “Living Will” in which she has directed she be allowed to die and not be kept alive by medication, artificial means or heroic measures if the situation should arise where there is no reasonable expectation of her recovery. That living will was executed prior to her accident. It would seem that, in light of this living will and a live videotape which is going to be made of petitioner, if petitioner becomes incompetent, a guardian (such as her husband, who has joined in her request in this proceeding) *676 could seek judicial approval that no medical care or nourishment be given, in accordance with petitioner’s stated wishes (see Matter of Storar, 52 NY2d 363).
The court has taken the time to express its views on this matter because of its belief that the Legislature should address this problem and create some type of special proceeding whereby a person could obtain an order along the lines sought here by petitioner. Absent such statutory authority, this court is unaware of any special proceeding or action that can accomplish what petitioner seeks.