OPINION OF THE COURT
John S. Lockman, J.
Petitioner hospital’s application for an order directing that respondent Susan Hess “receive blood or blood derivatives, during or post surgery, during the course of her stay at Winthrop University Hospital, if in the opinion of her surgeon or attending physician the administration of blood or blood products is necessary to save her life” is granted.
A hearing was promptly held. Respondent and her husband appeared and waived counsel. These are the facts:
Respondent is married, the mother of two young children, one being only one month old. She is currently hospitalized for kidney stones requiring surgical removal. Neither she nor her husband object to the surgery but refuse to permit any blood transfusion on religious grounds. She is competent.
While transfusions are rare in the proposed surgery, the surgeon refuses to operate without authorization. Therefore, without court-ordered authorization no surgery will be performed and her life is threatened, unless she finds another surgeon, which she is, of course, free to do. But while she remains under the care of her present surgeon and hospital, the issue remains.
Courts are generally without power to order compulsory medical treatment over a competent adult patient’s objection (Schloendorffv Society of N. Y. Hosp., 211 NY 125 [Cardozo, J., 1914]; *805 Matter of Storar, 52 NY2d 363, cert denied sub nom. Storar v Storar, 454 US 858 [1981]; see also, A.B. v C., 124 Misc 2d 672 [1984]). However, whether a competent adult patient’s religious right must yield to the State’s interest in acting as parens patriae by ordering compulsory medical treatment to save the life of the mother of infants has not been reported in this State.
In Matter of Powell v Columbian Presbyt. Med. Center (49 Misc 2d 215 [1965]), emergency blood transfusions were ordered for a mother of six children who refused to authorize same on religious grounds. But that decision was based upon a finding that the patient would accept the transfusions if court ordered rather than the State act as parens patriae.
In Matter of Melideo (88 Misc 2d 974 [1976]) Justice Lazer, in dictum, noted that the welfare of infants may be an appropriate exception to the proscription against court-ordered medical treatment of nonconsenting competent adults citing Matter of President & Directors of Georgetown Coll. (331 F2d 1000, reh denied en banc 331 F2d 1010 [DC Cir], cert denied sub nom. Jones v President & Directors of Georgetown Coll., 377 US 978 [1964]) where emergency transfusions refused on religious grounds were ordered to save a mother of an infant in this language: “The state, as parens patriae, will not allow a parent to abandon a child, and so it should not allow this most ultimate of voluntary abandonments. The patient had a responsibility to the community to care for her infant. Thus the people had an interest in preserving the life of this mother” (33 F2d, at p 1008).
This court concurs.